**NOTE: CHANGES MADE BY COURT**

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Stussy, Inc., <br><br>       Plaintiff, <br><br>   v. <br><br> Ibrahim Patel a/k/a Abraham Patel d/b/a ExcessApparel and SaleMonster.com, and Does 1 through 10, inclusive, <br><br>       Defendants. | Case No. 8:23-cv-00315-FWS-DFM <br><br> CONSENT DECREE AND PERMANENT INJUNCTION [19] |

The Court, having read and considered the Joint Stipulation for Entry of Consent Decree and Permanent Injunction [19] that has been executed by Plaintiff Stussy, Inc. ("Stussy" or "Plaintiff") and Defendant Ibrahim Patel a/k/a Abraham Patel d/b/a ExcessApparel and SaleMonster.com ("Defendant") in this action, and good cause appearing therefore, the court **ORDERS** that based on the Parties' Stipulation and only as to Defendant, his successors, heirs, and assignees, this Consent Decree and Permanent Injunction shall be and is hereby entered in the within action as follows:

1)   This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 17 U.S.C. § 101 *et seq.*, and 28 U.S.C. §§ 1331 and 1338. Service of process was properly made against Defendant.

2)   Plaintiff has long used, prior to the acts of Defendant as described in the Complaint, its trademark STUSSY®, including without limitation, in standard characters, in a graffiti style, and a script style, among others, including but not limited to those identified in the attached Exhibit A (the "STUSSY Marks").

3)   Plaintiff has expended considerable resources in the creation and commercial exploitation of the STUSSY Marks on merchandise and in the enforcement of the intellectual property rights in the STUSSY Marks.

4)   Plaintiff has alleged that Defendant has made unauthorized uses of the STUSSY Marks or substantially similar likenesses or colorable imitations thereof.

5)   Defendant and his agents, servants, employees, representatives, successor and assigns, and all persons, firms, corporations or other entities in active concert or participation with him who receive actual notice of the Injunction are hereby restrained and permanently enjoined from infringing – directly, contributorily or vicariously – or enabling, facilitating, permitting, assisting, soliciting, encouraging, inducing, authorizing, aiding or abetting, materially contributing to, or persuading anyone to infringe in any manner the STUSSY Marks, including, but not limited to, manufacturing, importing, distributing, advertising, selling, offering for sale, any unauthorized product which features any of the STUSSY Marks ("Infringing Products"), and, specifically:

   a) Importing, manufacturing, distributing, advertising, selling and/or offering for sale the Infringing Products or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of the STUSSY Marks;

   b) Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of the STUSSY Marks;

c) Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendant's customers and/or members of the public to believe the actions of Defendant, the products sold by Defendant or Defendant himself is connected with Stussy, is sponsored, approved or licensed by Stussy, or is in some way affiliated with Stussy;

d) Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Stussy; or

e) Otherwise competing unfairly with Stussy in any manner.

6) Plaintiff is entitled to, and shall recover from Defendant, the sum of Seventy-Five Thousand U.S. Dollars ($75,000.00), pursuant to the terms of the parties' Release and Settlement Agreement dated and effective April 14, 2023.

7) Each side shall bear its own fees and costs of suit.

8) Except as provided herein, all claims alleged in the Complaint are dismissed without prejudice.

9) This Consent Decree and Permanent Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

10) The Court finds there is no just reason for delay in entering this Consent Decree and Permanent Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Consent Decree and Permanent Injunction against Defendant.

///

///

///

11) The Court shall retain jurisdiction over Defendant and of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Consent Decree and Permanent Injunction or of the Parties' Release and Settlement Agreement dated and effective April 14, 2023.

DATED: June 27, 2023

_____
Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE

## **EXHIBIT A**

| Trademark | Trademark Registration No. | Trademark Registration Date |
|---|---|---|
| STUSSY | 1395006 | 5/27/1986 |
| STUSSY | 2054502 | 4/22/1997 |
| STUSSY | 2370712 | 7/25/2000 |
| STUSSY | 2393113 | 10/10/2000 |
| STUSSY | 3359114 | 12/25/2007 |
| [Stussy stylized logo] | 2060941 | 5/13/1997 |
| [Stussy stylized logo] | 3334366 | 11/13/2007 |
| [Stussy stylized logo] | 2357804 | 6/13/2000 |
| [Stussy stylized logo] | 5564337 | 9/18/2018 |

| Mark | Registration No. | Date |
|---|---|---|
| *[Stüssy signature logo]* | 2357805 | 6/13/2000 |
| STÜSSY | 2504298 | 11/6/2001 |